UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JASON M. GARCIA,

                       Plaintiff,                    15-cv-6100 (PKC)

      -against-                           MEMORANDUM
                                                   AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Jason M. Garcia, who is not represented by counsel and is proceeding pro se, appeals a decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).  Garcia alleges that he is eligible for Supplemental Security Income ("SSI") benefits because of his "Bi-Polar Type 1 Affective Disorder, Etc."  (Compl't ¶ 4.)  An Administrative Law Judge ("ALJ") dismissed Garcia's application after he failed to attend scheduled hearings.  Garcia states that he "did not go due to incarceration."  (Compl't ¶ 7.)

        Defendant Carolyn Colvin, the Acting Commissioner of Social Security, moves to dismiss Garcia's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P.  (Docket # 8.)  She argues that dismissal for failure to appear at an administrative hearing is not a final reviewable decision, thus depriving the Court of subject matter jurisdiction under 42 U.S.C. § 405(g).

        After the motion was filed, Garcia twice wrote to the Court to advise it of his address changes (Docket # 13, 15), but he has not submitted papers in opposition.  The Court therefore reviews the motion unopposed, and concludes that it does not have subject matter jurisdiction over this action.

        Mailed to plaintiff – 3/9/2017

RULE 12(b)(1) STANDARD.

When a defendant moves to dismiss pursuant to Rule 12(b)(1), a court must "accept[] the complaint's factual allegations as true and draw[] all reasonable inferences in Plaintiffs' favor." Ret. Bd. of the Policemen's Annuity & Ben. Fund of the City of Chicago v. Bank of N.Y. Mellon, 775 F.3d 154, 159 (2d Cir. 2014).  The existence of subject matter jurisdiction is a threshold issue because "without jurisdiction, the district court lacks the power to adjudicate the merits of the case."  Carter v. HealthPort Techs., LLC, 822 F.3d 47, 54-55 (2d Cir. 2016).

Judicial review of the Commissioner's decision is governed by 42 U.S.C. §§ 405(g) and (h).  "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."  Id. § 405(h).  "A plaintiff's failure to exhaust administrative remedies with respect to claims that arise under the Social Security Act . . . ordinarily deprives a district court of jurisdiction to review those claims."  Baptiste v. Comm'r of Soc. Sec., 2010 WL 2985197, at *1 (S.D.N.Y. July 27, 2010) (Cote, J.).

Under section 405(g), "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . ."  "This provision clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'" Califano v. Sanders, 430 U.S. 99, 108 (1977); accord Escalera v. Comm'r of Soc. Sec., 457 Fed. App'x 4, 5 (2d Cir. 2011) ("Pursuant to 42 U.S.C. § 405(g), an individual must obtain a 'final decision of the Commissioner of Social Security' . . . before a district court can review a Social Security benefits determination.") (summary order).  "[I]f a request for a hearing is dismissed

because the claimant failed to attend the hearing without showing good cause for his absence, the initial disability determination made by the SSA becomes a binding decision, but it is not considered a 'final decision' pursuant to 42 U.S.C. § 405(g), such that it may be challenged in the district court." Steadman v. Colvin, 2015 WL 4393022, at *4 (S.D.N.Y. July 14, 2015) (Caproni, J.)

DISCUSSION.

On March 31, 2013, Garcia applied for SSI benefits, claiming disability due to bipolar disorder, back pain and limited vision. (Nicoll Dec. Ex. 2.) On June 13, 2013, the Social Security Administration ("SSA") denied the application, informing Garcia that his condition was "not severe enough to keep you from working." (Id.)

On June 27, 2013, Garcia requested a hearing before an Administrative Law Judge ("ALJ"). (Nicoll Dec. Ex. 3.) In correspondence dated May 28, 2014 and June 11, 2014, the SSA mailed two separate Notices of Hearing to Garcia and his counsel, stating that Garcia's hearing before the ALJ was scheduled for June 25, 2014. (Nicoll Dec. Ex. 6.)

A hearing commenced on June 25, 2014. (Id.) Garcia's counsel was present, but Garcia was not. (Id.) The ALJ noted evidence in the record of Garcia's substance abuse history and rescheduled the hearing date. (Id.)

On August 18, 2014, the SSA mailed another Notice of Hearing to Garcia and his counsel, notifying them of a scheduled hearing for October 14, 2014. (Id.) The notice stated, "If you do not attend the hearing and I do not find you have a good reason, I may dismiss your request for hearing. I may do so without giving you further notice." (Id.) The SSA mailed a reminder notice on September 11, 2014, which the U.S. Postal service returned as undeliverable to Garcia. (Id.)

On October 16, 2014, the SSA mailed Garcia a request to show cause for failure to appear. (Id.) It noted that Garcia was not present at the October 14 hearing and that he had not contacted the SSA to explain why he could not attend. (Id.) It stated that if Garcia still wanted an ALJ to hear his claim, he "may explain in writing why you did not come to your hearing." (Id.) The mailing was returned as undeliverable to Garcia. (Id.)

On December 30, 2014 and January 2 and 6, 2015, the SSA mailed additional Notices of Hearing to Garcia and his counsel, notifying them of a hearing scheduled for February 24, 2015. (Id.) The notices again explained that if Garcia failed to attend the hearing, the ALJ could dismiss the request for hearing without further notice. (Id.) The notices asked Garcia to return an acknowledgement form to confirm receipt. (Id.) Neither Garcia nor his attorney returned the form. (Id.) The SSA spoke to Garcia's counsel by phone on January 20, 2015, who stated that he had attempted to reach Garcia. (Id.)

The SSA mailed an additional Notice of Hearing to Garcia and his counsel on January 26, 2015. (Id.) Garcia did not return the acknowledgement form, and neither he nor his counsel attended the February 24, 2015 hearing. (Id.)

On March 6, 2015, the ALJ issued an Order of Dismissal based on Garcia's failure to attend the February 24 hearing. (Nicoll Dec. Ex. 5.) It noted that regulation permits an ALJ to dismiss a request for hearing if neither the claimant nor counsel appears at the time and place set for hearing, and the claimant is advised that the hearing request can be dismissed without further notice if the claimant fails to appear. (Id., citing 20 C.F.R. § 416.1457(b)(1)(i).) The Order described the Notice of Hearing sent on January 6 and January 26, 2015, and observed that Garcia did not return the acknowledgements of receipt or respond to the notice. (Nicoll Dec.

Ex. 5.)  The ALJ found "that there is no good cause for the claimant's failure to appear at the time and place of hearing," and dismissed the request for a hearing.  (Id.)

This action is dismissed for lack of subject matter jurisdiction.  As noted above, "if a request for a hearing is dismissed because the claimant failed to attend the hearing without showing good cause for his absence, the initial disability determination made by the SSA becomes a binding decision, but it is not considered a 'final decision' pursuant to 42 U.S.C. § 405(g), such that it may be challenged in the district court."  Steadman, 2015 WL 4393022, at *4; accord Faucette v. Colvin, 2016 WL 866350, at *3 (S.D.N.Y. Mar. 3, 2016); Milazzo ex rel. Rodriguez v. Barnhart, 2006 WL 2161781, at *1 (S.D.N.Y. Aug. 1, 2006); Urena v. Commissioner of Social Security, 2003 WL 21702285, at *2 (S.D.N.Y. July 23, 2003).

Garcia's claim was scheduled for three different hearing dates before the ALJ, and he attended none.  By the Court's count, Garcia was mailed eight separate notices advising him of the hearing dates, and one invitation to show cause as to his failure to attend.  In the Complaint, Garcia alleges that he was unable to attend "due to incarceration," but he offered no such explanation to the ALJ, and did not advise the SSA of his changed address or circumstances.  Because Garcia's application for benefits was dismissed based on his failure to attend the hearing before the ALJ, the SSA's determination was not a "final decision" under 42 U.S.C. § 405(g), and the Court does not have subject matter jurisdiction over the present action.

Separately, a plaintiff's failure to exhaust administrative remedies may be excused if the Complaint states a colorable constitutional claim.  See, e.g., Califano, 430 U.S. at 109 ("Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions.").  Generously construing the Complaint in Garcia's favor, it does not implicate any Constitutional

claims.  Garcia was represented by counsel, and there is no indication that the SSA failed to provide Garcia with adequate notice of the hearing dates or that his ability to be heard was affected by his claimed bipolar condition.  Because the Complaint does not implicate a constitutional claim, Garcia's failure to exhaust is not excused.

CONCLUSION.

The defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED.  (Docket # 8.)  The Clerk is directed to enter judgment for the defendant and to close this case.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       March 9, 2017